## AMERICAN CYANAMID CO. v. HUBBELL.

### No. 5538.

Circuit Court of Appeals, Third Circuit.

March 25, 1935.

Pitney, Hardin & Skinner, of New York City (Ellis W. Leavenworth and David A. Woodcock, both of New York City, of counsel), for appellant.

John E. Hubbell, of New York City (W. Brown Morton, of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the American Cyanamid Company, hereafter called Cyanamid, filed a bill against Jesse P. Hubbell, hereafter called Hubbell, to compel him to assign to it his entire right and ownership in Patent No. 1,912,141, granted to him May 30, 1933, for a method of fumigation.

The case was referred, by consent, to a master, and in his report we have a full statement of the facts involved. By reference thereto we avoid useless restatement. The master reported "the defendant was under no contract to assign any inventions he might make during the course of his employment to the plaintiff," and his conclusion was: "Since defendant was not employed to make any invention, in my opinion the case does not fall within the exception in the Solomons Case (Solomons v. U. S.), so called, supra," 137 U. S. 342, 11 S. Ct. 88, 34 L. Ed. 667, "and the defendant being under no contract, express or implied, to assign any inventions to the plaintiff, I respectfully report that on the facts and the law there should be a decree in favor of the defendant."

On final hearing the court overruled Cyanamid's exceptions to the report and dismissed its bill.

After due consideration by this court, we find ourselves in accord with the master's finding of fact and conclusions of law. As to the facts, there was no contract to invent. As to the master's conclusions of law, we are of opinion the case is ruled by the decision of this court in Pressed Steel Car Co. v. Hansen (C. C. A.) 137 F. 403, 2 L. R. A. (N. S.) 1172, which decision or the principle thereof has not been overruled.

The decree below is therefore affirmed.